Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| LUIS JIMÉNEZ MELÉNDEZ Y OTROS<br><br>Apelantes<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY<br><br>Apelada | TA2026AP00510 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV05732 (Salón Núm.: 903)<br><br>Sobre: Incumplimiento de Contrato, Mala Fe y Daños y Perjuicios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparecen Luis Jiménez Meléndez, Carmen Meléndez Marrero y Luis Jiménez Vázquez (familia Jiménez Meléndez o apelantes) mediante recurso de apelación. Solicitan que revoquemos la *Sentencia* emitida el 31 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar una solicitud de sentencia sumaria presentada por Universal Insurance Company (Universal o apelada), y declaró No Ha Lugar una solicitud de sentencia sumaria parcial presentada por la familia Jiménez Meléndez. Por los fundamentos que expondremos, confirmamos la *Sentencia* apelada.

En resumen, el 25 de enero de 2014, el Sr. Luis Jiménez Meléndez conducía bajo los efectos de alcohol, cuando invadió el carril contrario y provocó un accidente en el que fallecieron José E. Mena

Pamias y Claudia Camacho Martínez. A raíz de este suceso, el 7 de abril de 2020, el Tribunal de Primera Instancia emitió sentencia en los casos D DP2014-0606 y D DP2015-0066 a través de la cual declaró responsables a la familia Jiménez Meléndez junto con su aseguradora, Universal, y ordenó a estos el pago de $955,000.00. En adición, decretó el pago de $10,000.00 en concepto de honorarios de abogados, costas, gastos e intereses al tipo anual de 5.75%.

Así pues, el 24 de junio de 2024, los apelantes instaron una *Demanda* por incumplimiento de contrato, mala fe y daños contra Universal. En esencia, como parte de sus alegaciones, adujeron que Universal incurrió en un incumplimiento de contrato de seguro, tras una falta de observación de sus deberes de lealtad y fiducia, así como por prácticas de mala fe. Respecto a la representación legal provista por la aseguradora, arguyeron que la apelada no salvaguardó sus intereses, no les orientó sobre reservas de derechos, ni sobre las consecuencias de ver el juicio del referido caso en su fondo, así como tampoco les informó sobre la posibilidad existente de enfrentarse a una sentencia que concediera cuantías en exceso de los límites provistos por la aseguradora. También, aseveraron que Universal no les informó sobre ofertas transaccionales, ni sobre la obligación de responder con su patrimonio en caso de que la sentencia impuesta excediera los límites de la cubierta.

El contrato de seguro en cuestión, Póliza Número 09-CAP518-000282984-3/0, fue suscrito por Luis Jiménez Vázquez y Carmen J. Meléndez el 14 de abril de 2013. En lo atinente a los asuntos del caso que nos ocupa, la póliza de seguro tenía un límite de cubierta de $500,000.00 en caso de daños a la propiedad y daños físicos en una

persona. Asimismo, establecía que el deber de responder y defender de la aseguradora culminaba una vez se alcanzara dicho límite.[1]

Posteriormente, el 19 de agosto de 2024, Universal compareció mediante *Contestación a la Demanda*. En suma, negó las alegaciones formuladas en su contra y sostuvo que cumplió con sus obligaciones contractuales bajo la póliza de seguro suscrita por las partes.

Superados varios incidentes procesales, el 25 de noviembre de 2025, los apelantes presentaron una *Moción en Solicitud de Sentencia Sumaria Parcial (en Torno al Incumplimiento de la Demandada)*. En síntesis, argumentaron que Universal incumplió con su deber de lealtad y fiducia hacia ellos, toda vez que no fueron parte del proceso de toma de decisiones en los casos en cuestión. Según la familia Jiménez Meléndez, lo anterior les expuso a "una responsabilidad civil y monetaria que podía haber sido evitada si se hubieren observado esfuerzos serios dirigidos a transigir".[2]

Además, argumentaron que la aseguradora actuó de forma negligente ante ellos, puesto que pudo haber transigido las reclamaciones judiciales dentro de los límites de la póliza y no lo hizo. Por lo anterior, peticionó al foro de instancia que dictase sentencia sumaria parcial a favor de estos, y decretase que Universal debía responder en su totalidad por la responsabilidad impuesta mediante sentencia en los casos D DP2014-0606 y D DP2015-0066.

En esa misma fecha, Universal presentó una *Moción de Sentencia Sumaria Solicitando la Desestimación del Pleito por*

---

[1] Véase, Caso SJ2024CV05732, Entrada Núm. 53 de SUMAC-TPI, Anejo 2, Póliza Número 09-CAP518-000282984-3/0. Particularmente, establecía que "[o]ur duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements".
[2] Véase, Caso SJ2024CV05732, Entrada Núm. 52 de SUMAC-TPI, pág. 13.

*Insuficiencia de la Prueba*. Aseveró que sí cumplió con sus obligaciones contractuales contenidas en la póliza de seguro en disputa, así como también puntualizó que la familia Jiménez Meléndez no tenían prueba para establecer mala fe, negligencia o incumplimiento de sus deberes fiduciarios. Asimismo, señalaron que los peticionarios no habían sufrido daños personales y carecían de evidencia que lo probase. Por ello, solicitaron al TPI que dictase sentencia sumaria a su favor y desestimase la totalidad de la *Demanda* instada.

Dichas mociones dispositivas fueron objeto de sus respectivas oposiciones, réplicas y dúplicas. Así evaluadas, el 31 de marzo de 2026, el foro apelado emitió una *Sentencia* mediante la que declaró Ha Lugar la moción de sentencia sumaria presentada por Universal, y declaró No Ha Lugar la solicitud de sentencia sumaria parcial incoada por la familia Jiménez Meléndez. Concluyó que existían discrepancias entre las alegaciones de los apelantes y lo declarado por ellos en las deposiciones. Precisó, además, que recibieron una misiva que informaba diáfanamente el límite de la póliza de seguro e informaba que serían responsables por cualquier cantidad en exceso de ese límite. Razonó que los apelantes no lograron establecer la existencia de una controversia real sobre hechos materiales, ni sostuvieron sus alegaciones con prueba que las respaldase. Entendió, en cambio, que la aseguradora apelada presentó prueba que corroboró la veracidad de sus argumentos y sostuvo su postura en la reclamación judicial, por lo que procedió a desestimar la causa de acción en su totalidad a favor de Universal. El 16 de abril de 2026, la familia Jiménez Meléndez presentó una *Moción de Reconsideración* que fue declarada No Ha Lugar por el foro apelado mediante *Resolución* a esos efectos.

En desacuerdo, el 18 de mayo de 2026, los apelantes instaron el recurso apelativo que nos ocupa, en el que señalaron que el TPI incidió al haber formulado determinaciones fundamentadas en prueba inadmisible en evidencia. Puntualizaron también que el foro de primera instancia erró al no emitir determinaciones relacionadas a la controversia medular sobre la presunta negligencia de la aseguradora en el manejo de los casos D DP2014-0606 y D DP2015-0066. Por último, argumentaron que el foro apelado incidió al emitir sentencia sumaria a favor de Universal aun cuando no procedía en Derecho. Presentada la oposición de la parte apelada, resolvemos.

Vale destacar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha resuelto que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase,

también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3(b)(2) de Procedimiento Civil, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al*., 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si

el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Cónsono con lo anterior, el foro de primera instancia especificará en todos los pleitos los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda, incluyendo en aquellas ocasiones que se deniegue total o parcialmente una moción de sentencia sumaria. Regla 42.2 de Procedimiento Civil, *supra*. Véase, también, Regla 36.4 de Procedimiento Civil, *supra*.

Por otra parte, el contrato existe desde que una o varias personas se obligan respecto de otra u otras, a dar alguna cosa, o prestar algún servicio, siempre y cuando concurran el consentimiento, objeto y causa. Arts. 1206 del Código Civil de 1930, 31 LPRA ant. sec. 3371.[3] Asimismo, las partes pueden acordar cualquier pacto, cláusula o condición que no sea contraria a la ley, a la moral o al orden público y, en efecto, los contratos tienen fuerza de ley entre las partes. Íd., ant. secs. 2994, 3372. Además, si los términos del contrato son claros y no dejan duda sobre la intención de las partes, se interpretará el lenguaje en su sentido literal y, de las palabras parecer contrarias a la intención evidente de las partes, prevalecerá ésta sobre aquéllas. Íd., ant. sec. 3471. A esos efectos, toda obligación recíproca podrá resolverse cuando una parte incumple y, consecuentemente, el perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en ambos casos. Íd., ant. sec. 3052.

---

[3] Toda vez que el contrato de seguros que revisamos se suscribió antes de que el Código Civil de 2020 entrara en vigor, estaremos utilizando el Código Civil de 1930 para fundamentar nuestros argumentos.

A raíz de ello, los contratos de adhesión son aquellos en las cuales una sola parte dicta las condiciones del contrato y la otra ha de aceptar. *S.L.G. Francis-Acevedo v. SIMED*, 176 DPR 372 (2009) (citando a *Zequeira v. CRUV*, 83 DPR 878 (1961)). Éstos están redactados de una manera uniforme, generalizada y sin preocupación por la elección del cliente, más que la intervención de una de las partes consiste en su mera formalidad, involuntaria y sin haber sido resultado de una negociación equitativa. M.A. Torres, *El contrato de adhesión en la era de la reforma laboral: Un análisis del impacto de la contratación laboral luego de la Ley 4-2017*, 11 UPR Bus. L. J. 1 (2020) (citando a R. Ortega-Vélez, *Diccionario Jurídico: Derecho puertorriqueño*, 2.ª ed., San Juan, Ed. Chrisley, 2008, pág. 156; 2 J. Puig Brutau, *Compendio de Derecho Civil*, 3.ª ed., Barcelona, Ed. Bosch, 1997, pág. 292). Ante estos tipos de contratos, el foro primario deberá evitar interpretarlos de modo irrazonable. *Coop. Sabaneña v. Casiano Rivera*, 184 DPR 169 (2011) (citando a *RC Leasing Corp. v. Williams Int. Ltd.*, 103 DPR 163 (1974)).

En ese sentido, el contrato de seguro constituye un acuerdo por el cual una parte se compromete a compensar a otra por una pérdida ocasionada a causa de una contingencia determinada. *Savary et al. v. Mun. Fajardo et al.*, 198 DPR 1014 (2017). En particular, el Art. 1.020 del Código de Seguros, 26 LPRA sec. 102, lo define como aquel "contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". A su vez, el Art. 11.140(1) del Código de Seguros, 26 LPRA sec. 1114(1), define la

póliza como el documento en el cual se consignan los términos que rigen el contrato de seguro.

Dicho esto, un contrato de seguro es uno de adhesión, por lo cual las cláusulas dudosas o ambiguas deberán interpretarse liberalmente en beneficio del asegurado y, en efecto, las cláusulas de exclusiones son desfavorecidas y deberán interpretarse restrictivamente en contra del asegurador. *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020) (citando a *Viruet et al. v. SLG Casiano-Reyes*, 194 DPR 271 (2015); *Natal Cruz v. Santiago Negrón et al.*, 188 DPR 564 (2013); *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880 (2012); *Jiménez López et al. v. SIMED*, 180 DPR 1 (2010); *S.L.G. Francis-Acevedo v. SIMED*, *supra*; *Monteagudo Pérez v. E.L.A.*, 172 DPR 12 (2007)). A su vez, le corresponde al asegurado el peso de la prueba para establecer su reclamación, mientras que la aseguradora deberá evidenciar que aplica alguna exclusión. Íd.

Evaluadas las mociones dispositivas junto con sus oposiciones, réplicas y dúplicas, —según exigido por la jurisprudencia aplicable— advertimos que la parte apelada cumplió con los requisitos de forma prescritos en las Regla 36 de Procedimiento Civil, *supra*. Ahora bien, estimamos pertinente destacar que, al momento de refutar los hechos propuestos como incontrovertidos por Universal, los apelantes no citaron evidencia que sostenga sus impugnaciones para muchos de ellos.

Luego de haber realizado un examen *de novo* del expediente ante nuestra consideración, juzgamos que no existen hechos materiales en controversia, por lo que nos corresponde dirimir entonces si el foro

apelado aplicó de manera correcta el Derecho en materia de contrato de seguros.

Tras un análisis sosegado del legajo apelativo, resolvemos que el Tribunal de Primera Instancia en efecto realizó una aplicación acertada del Derecho en cuestión. Según surge de los autos, Universal presentó prueba documental que sostuvo su postura. Particularmente, acreditó que los apelantes fueron informados sobre la posibilidad de responder con su patrimonio si la sentencia impuesta excedía los límites de la póliza de seguro. También, la aseguradora les orientó sobre el derecho que tenían de contratar una representación legal aparte y distinta, en caso de que tuviesen que responder con sus bienes.

Asimismo, demostró que la familia Jiménez Meléndez fue debidamente notificada sobre las ofertas transaccionales que surgieron durante el trámite procesal del litigio de los casos consolidados D DP2014-0606 y D DP2015-0066. A lo anterior, añadimos que lo declarado por los apelantes en sus deposiciones resultó ser inconsistente con sus alegaciones. Cuando fueron depuestos, admitieron haber recibido las comunicaciones dirigidas hacia ellos por su representante legal, así como también aceptaron reunirse con su abogado para discutir los pormenores de las reclamaciones judiciales en disputa.

A su vez, no nos convence el argumento de los apelantes sobre la inadmisibilidad de ciertos documentos presentados por Universal fundamentado en una falta de autenticación. Los aludidos documentos fueron utilizados para las deposiciones de cada uno de los miembros de la familia Jiménez Meléndez, y admitidos como *exhibits* sin objeción alguna por parte de ellos. En adición, Universal acreditó que los anejos

acompañados en su solicitud de sentencia sumaria eran copias fieles y exactas de los documentos que forman parte del expediente relacionados a los casos en discusión.[4]

En suma, la prueba presentada por Universal derrotó por completo los planteamientos esgrimidos por los apelantes. Por tanto, concluimos que Universal cumplió con sus responsabilidades y obligaciones contractuales, según impuestas por la póliza de seguro suscrita entre las partes.

Por los fundamentos que preceden, los cuales hacemos formar parte integral del presente dictamen, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Véase, Caso Núm. SJ2024CV05732, Entrada Núm. 66, Declaración Jurada – Raúl Méndez De Guzmán.